JOAQUINA BATLLE DE VILARÓ, Plaintiff and Appellant-Appellee, v. SERGIO TORRUELLA CORTADA, Defendant and Appellee-Appellant. JOAQUINA BATLLE DE VILARÓ, Plaintiff and Appellant, v. SERGIO TORRUELLA CORTADA, Defendant and Appellee.

Nos. 5072 and 5127.    Argued May 9, 1930.—Decided June 15, 1931.

*Tous Soto & Zapater* for plaintiff.    *José A. Poventud* and *Alberto S. Poventud* for defendant.

MR. JUSTICE ALDREY delivered the opinion of the Court.

In ruling upon the grounds of demurrer set up by the defendant against the complaint in this case, the District Court of Ponce held that a misjoinder of causes of action existed; that there was a defect of parties defendant; that the complaint was ambiguous; that none of the three counts

stated facts sufficient to constitute a cause of action; and that the cause of action set out in the third count had prescribed. Leave was granted to amend the complaint.

In view of the foregoing ruling the plaintiff, in order to obtain a review thereof on appeal, moved the court for judgment which was rendered dismissing the complaint, with costs on the plaintiff, upon the grounds set forth in the decision on the demurrer.

In deciding such appeal this Court held that there was no misjoinder of causes of action; that there was no defect of parties defendant; that the complaint was not ambiguous; that the first count therein set out a complete cause of action; that the second and third counts did not state a cause of action. It did not pass upon the ground of prescription set up against the third count because of its holding that such count did not set out a cause of action. In accordance with these conclusions, we reversed in part the judgment appealed from and also affirmed it in part, remanding the case to the lower court for further proceedings. In that appeal the imposition of costs was neither attacked nor considered.

Inasmuch as we had reversed the decision of the court below as to a majority of the grounds of demurrer, the plaintiff moved us to clarify our judgment in the sense of reversing in its entirety that of the lower court, but we decided to maintain the former judgment as rendered. Thereafter the plaintiff asked leave of the lower court to amend her complaint, as appears from the briefs submitted by the parties.

The defendant filed in the lower court a memorandum of costs which included $10 as fees of the clerk of said court and $800 as attorney's fees. The memorandum was opposed by the plaintiff and the court made an order directing the plaintiff to pay $10 as clerk's fees and $350 as attorney's fees. Both parties appealed from this order and prosecuted their appeals separately, but subsequently, pursuant to a stipula-

tion approved by this Court, each party filed a single brief covering both cases.

The appeal of the defendant has reference only to the amount of the attorney's fees allowed, claiming that the same should be the sum set out in his memorandum of costs. Plaintiff's appeal is based mainly on the claim that she ought not to pay any costs.

The plaintiff could not appeal from the decision of the district court on the demurrer interposed to the complaint unless a judgment was rendered. If, as claimed by her, the complaint need not be amended, the only way for her to avoid doing so was by moving for a judgment against her. Such a judgment must necessarily contain, as it did, an award of costs, since, according to the decision of the court, if the complaint was not amended, there was being prosecuted without just cause a suit, of which the decision in question had finally disposed.

The decision of this Court in the former appeal shows that the plaintiff was right in refusing to amend her complaint, as it contained no misjoinder of causes of action, no defect of parties defendant, no ambiguity, and her first cause of action stated facts sufficient for the exercise thereof. The decision of the court below was affirmed only as regards the insufficiency of the second and third counts. Although by the judgment of the lower court the complaint was dismissed with costs, such a judgment rested on the fact that the grounds on demurrer to the complaint had been sustained. That judgment was reversed almost in its entirety. The effect of such reversal was to restore matters to the condition in which they were when the demurrer was decided. We rendered the decision which ought to have been rendered by the lower court. Upon such a determination of the grounds of demurrer, a judgment dismissing the complaint with costs would not be proper, as that pleading was not ambiguous, nor did it contain any defect of parties defendant,

nor was there any misjoinder of causes of action, and its first count stated the facts required for the exercise of the cause of action set out therein, as to which a trial could be had.

Moreover, if the defendant desired to amend her complaint as to the second and third causes of action, she was entitled to leave of court therefor, and the parties admit that she moved for such leave.

The decision of the lower court was left without a basis after our judgment had displaced the one rendered by the trial court dismissing the complaint and imposing costs. Therefore, no recovery of costs can be had.

The appeal of the plaintiff must be sustained, and therefore the order approving the memorandum of costs must be reversed and another rendered declaring that the approval of such memorandum is not proper, and that the appeal of the defendant does not lie.